**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NEVEL HESLOP, | : | |
| | : | Civil Action No. 16-4143 (MAS) (TJB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

**SHIPP, District Judge:**

Pro se Plaintiff Nevel Heslop brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights and other state law claims. The Court previously granted Plaintiff in forma pauperis status. (Order, July 13, 2016, ECF No. 2.) At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). For the reasons stated below, all claims in the Complaint are dismissed.

**I. FACTUAL BACKGROUND**

For the purposes of this Opinion, the Court construes all facts alleged in the Complaint as true, and in the light most favorable to Plaintiff. Plaintiff alleges that on June 8, 2014, Defendant Dr. Newjent performed surgery on him to correct a blockage in his bladder. (Compl. 3, ECF No. 1.) During surgery, Dr. Newjent made a mistake and "cut something he should not have", resulting in injuries that required treatment lasting eighteen months. *Id.* at 3-4. Plaintiff further alleges that

during this treatment, Defendant Dr. Smycek "gave [him] a bad injection of medicine [that] may have been exp[eri]mental medicine which caused serious side effects." *Id.* at 3. Plaintiff also names the New Jersey Department of Corrections ("NJDOC") and the University of Medicine and Dentistry of New Jersey ("UMDNJ") as defendants, but there are no factual allegations regarding their involvement in the alleged incidents, except that they are employers of Drs. Newjent and Smycek. *Id.* at 3. Plaintiff seeks punitive and compensatory damages "for pain and suffering, future pain and suffering, malpractice, negligence, and violating my constitutional right[.]" *Id.* at 4.

## II. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

## III.   DISCUSSION

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

### A.   Defendant NJDOC

The Court first addresses the § 1983 claims against NJDOC. The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). Courts have repeatedly held that DOC is a state agency entitled to immunity. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the NJDOC from this case on Eleventh Amendment grounds."); *Bell v. Holmes*, No. 13-6955, 2015 WL

851804, at *3 (D.N.J. Feb. 23, 2015); *Homan v. N.J. Dep't of Corr.*, No. 13-1466 (MAS), 2014 WL 4273304, at *3 (D.N.J. Aug. 28, 2014); *Wimbush v. Jenkins*, No. 13-4654, 2014 WL 1607354, at *4 (D.N.J. Apr. 22, 2014); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *2 (D.N.J. Jan. 6, 2014).

Because NJDOC is a state agency immune from § 1983 suits, all § 1983 claims against NJDOC are dismissed with prejudice.

### B. Defendant UMDNJ

Next, the Court addresses the § 1983 claims against UMDNJ. As summarized above, Plaintiff's sole theory of liability with regard to UMDNJ is that it was the employer of Defendant Drs. Newjent and Smycek. However, there is no respondeat superior liability in § 1983 actions against private corporations performing state functions. *See Weigher v. Prison Health Servs.*, 402 F. App'x 668, 670 (3d Cir. 2010) (holding that a private corporation providing medical services at a state correctional facility cannot be held liable under a theory of respondeat superior in a § 1983 suit).[1] Because Plaintiff relies entirely on UMDNJ's status as the employer to establish liability,

---

[1] Although the Court is constrained to follow the Third Circuit's non-precedential decision in *Weigher*, some courts have decided differently. *See, e.g., Hutchison v. Brookshire Bros., Ltd.*, 284 F. Supp. 2d 459, 472-73 (E.D. Tex. 2003); *Groom v. Safeway, Inc.*, 973 F. Supp. 987, 991 n.4 (W.D. Wash. 1997). As another court in this district opined:

> The policy considerations which prompted the Supreme Court to reject qualified immunity for private prison guards are the same considerations which suggest that private corporations providing public services, such as prison medical care, should not be immune from *respondeat superior* liability under § 1983. In the context of a claim that the deprivation of medical care amounted to a constitutional violation, proof of such claim would almost certainly prove a case of ordinary state law malpractice where *respondeat superior* would apply. It seems odd that the more serious conduct necessary to prove a constitutional violation would not impose corporate liability when a lesser misconduct under state law would impose corporate liability.

*Taylor v. Plousis*, 101 F. Supp. 2d 255, 263 n.4 (D.N.J. 2000).

the Complaint is devoid of any factual allegations that UMDNJ violated his rights through its *own* conduct. Without more, the Complaint fails to allege sufficient facts for the Court to infer § 1983 liability upon UMDNJ. As such, all § 1983 claims against UMDNJ are dismissed without prejudice.

### C. Defendant Drs. Newjent and Smycek

Next, the Court addresses Plaintiff's § 1983 claims against Defendant Drs. Newjent and Smycek. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 328 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015). Under *Estelle*, in order to state a valid claim for denial of medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Barkes*, 766 F.3d at 321; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Mere allegations of medical malpractice are not sufficient to establish a constitutional violation. *Allah v. Hayman*, 442 F. App'x 632, 635-36 (3d. Cir. 2011) (citing *Spruill*, 372 F.3d 218, 235 (3d Cir. 2004)).

To satisfy the first prong of the *Estelle* inquiry, the inmate must allege that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an eighth amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton

infliction of pain or a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003) (citations and quotations omitted); *see Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *Rand v. New Jersey*, No. 12-2137, 2015 WL 1116310, at *14 (D.N.J. Mar. 11, 2015).

The second element of the *Estelle* test requires an inmate to allege that prison officials acted with deliberate indifference to his serious medical need. *See Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment." *Velasquez v. Hayman*, 546 F. App'x 94, 97 (3d Cir. 2013) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Here, Plaintiff's claims against Drs. Newjent and Smycek fail, because there are no factual allegations that they acted with the requisite culpable state of mind to establish an Eighth Amendment violation, i.e. deliberate indifference. The Complaint certainly provides sufficient factual basis to infer that these defendants may have provided inadequate medical care, but there are no allegations that their actions were deliberate—in fact, Plaintiff himself categorized Dr. Newjent's action as a "mistake." (Compl. 3.) While Plaintiff's allegations may be sufficient to establish a medical malpractice or negligence claim—both of which Plaintiff indeed asserts in the Complaint—as stated above, that is insufficient to establish a *constitutional* violation.

Accordingly, the Court dismisses all § 1983 claims against Drs. Newjent and Smycek for failure to state a claim upon which relief may be granted.

### D. State Law Claims

Finally, the Court addresses Plaintiff's state law claims. Under the New Jersey Tort Claims Act ("NJTCA"), when asserting a state tort claim against a public entity or a public employee, a plaintiff must give notice of the claim within ninety days after the cause of action has accrued. *See* N.J.S.A. § 59:8-8; *Konah v. City of Newark*, No. L-962-10, 2011 WL 1598957, at *2 (N.J. Sup. Ct. App. Div. Apr. 29, 2011); *Brown v. Twp. of Neptune*, No. 11-7162, 2014 WL 3517776, at *7 (D.N.J. July 15, 2014). This notice requirement applies to common law intentional tort claims, *Ptaszynski v. Uwaneme*, 371 N.J. Super. 333, 343 (App. Div. 2004), as well as negligent conduct, *Velez v. City of Jersey City*, 180 N.J. 284, 292-93 (2004). This ninety-day notice period may be extended by a court upon a finding of "sufficient reasons constituting extraordinary circumstances for [the plaintiff's] failure to file notice of claim within the period of time prescribed," but only if the plaintiff files a late notice "within one year after the accrual of his claim[.]" N.J.S.A. § 59:8-9; *see Slater v. Hardin*, No. L-8574-09, 2014 WL 923337, at *5 (N.J. Sup. Ct. App. Div. Mar. 11, 2014). Plaintiffs who do not comply with this requirement are "forever barred" from recovering on their claim. *See* N.J.S.A. § 59:8-8. Notice is important because it provides state agencies the "opportunity to investigate the claims, and take disciplinary or other appropriate action to rectify inappropriate behavior or flawed practices[.]" *Mawhinney v. Francesco*, No. 08-3317, 2010 WL 2557713, at *9 (D.N.J. June 22, 2010) (quoting *Velez*, 180 N.J. at 293). Failure to file a notice of

claim is a ground for dismissal at the motion to dismiss stage. *See William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. Sup. Ct. App. Div. Oct. 24, 2014).[2]

Here, because Plaintiff claims relief under state law, he must follow established state procedures. *See Murphy v. Bloom*, 443 F. App'x 668, 670 (3d Cir. 2011) ("The District Court [] properly recognized that Murphy did not follow the proper procedure for bringing a [state law] claim . . . as required by state law."). There is no allegation in the Complaint that Plaintiff filed the required notice of claims. Under New Jersey law, Plaintiff is required to file the notice of claims before he *initiates* any state law tort action against Defendants. *See* N.J.S.A. § 59:8-3. As such, Plaintiff must demonstrate, at the time he filed the Complaint, that such notice of claims had already been served. *See Ptaszynski v. Uwaneme*, 371 N.J. Super. 333, 343 (App. Div. 2004) (holding that the notice requirement under the Tort Claims Act is a jurisdictional precondition to filing suit). No such demonstration has been made in the Complaint. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . the grounds for the court's jurisdiction[.]"). Because there is no allegation that a notice of claims has been filed with Defendants, Plaintiff has failed to establish, under Rule 8, that this Court has jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's state law claims are dismissed for lack of jurisdiction. *See Bethea v. Roizman*, No. 11-254, 2012 WL 2500592, at *7 (D.N.J. June 27, 2012) (dismissing plaintiff's state law tort claims for his failure to plead compliance with the notice requirement under the Tort Claims Act).

---

[2] UMDNJ, now a part of Rutgers, *see* http://integration.rutgers.edu (last visited July 22, 2016), is a public entity protected by the NJTCA. *See Fine v. Rutgers, State Univ. of N.J.*, 163 N.J. 464, 468 (2000). Employees of public entities are also protected by the NJTCA. *See* N.J.S.A. § 59:8-3.

In the interest of justice, Plaintiff may, within thirty days of the date of entry of the accompanying Order, amend the Complaint to include assertions that he indeed filed a notice of claims with Defendants, which would then establish the grounds for this Court's jurisdiction over Plaintiff's state law claims. Plaintiff is advised that it would be prudent to attach a copy of the actual notice of claims to the amended complaint. Plaintiff may also amend the Complaint to address any deficiencies identified in the instant Opinion for claims that have not been dismissed with prejudice.[3]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's federal claims against NJDOC are DISMISSED WITH PREJUDICE; all other federal claims in the Complaint are DISMISSED WITHOUT PREJUDICE; and Plaintiff's state law claims are DISMISSED for lack of jurisdiction. Plaintiff shall have thirty days from the date of entry of the accompanying Order to amend the Complaint.

Date: 8/24/16

Michael A. Shipp, U.S.D.J.

---

[3] The Court notes that, even if Plaintiff can revive his state law claims by establishing that he has indeed filed a notice of claim under the NJTCA, the Court will not exercise jurisdiction over such claims unless Plaintiff cures the deficiencies identified herein with regard to at least one of his federal claims. *See* 28 U.S.C. § 1367(c)(3); *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006).