**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEVEL HESLOP, | |
| Plaintiff, | Civil Action No. 16-4143 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Federal law requires the Court to screen for sua sponte dismissal prior to service, and to dismiss any claim that fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B). The Court previously dismissed the Complaint on screening, and permitted Plaintiff to amend. (Order, Aug. 24, 2016, ECF No. 4.) Presently before the Court is Plaintiff's Amended Complaint, which the Court has screened. (ECF No. 5.)

1.  In the Amended Complaint, Plaintiff only asserts claims against two of the four original defendants, Defendants Dr. Smyczek and Dr. Newjent (referred to collectively as "Defendants"). The Court previously dismissed all § 1983 claims against them because Plaintiff failed to allege deliberate indifference as required for his Eighth Amendment denial of medical services claims. (Op. 6, Aug. 24, 2016, ECF No. 3) ("Prior Opinion"). The Amended Complaint does not cure this defect. As the Court previously opined, "[t]he Third Circuit has found deliberate indifference when a prison official: '(1) knows of a prisoner's need for medical treatment but

intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.' *Velasquez v. Hayman*, 546 F. App'x 94, 97 (3d Cir. 2013) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999))." (Prior Op. 6.)

2. Here, Plaintiff's claim against Dr. Smyczek stems from his allegations that Dr. Smyczek administered Retorlac to treat his headaches, which allegedly was not a FDA-approved use of the drug. (Am. Compl. 2-3.) He further asserts that the medication had unpleasant side effects, and Dr. Smyczek told him that the side effects would subside with time. *Id.* at 3. Finally, he asserts that Dr. Smyczek's experimental use of Retorlac for a three-week period caused him to develop prostate cancer. *Id.*

3. The Court finds Plaintiff's allegations insufficient to state a denial of medical services claim against Dr. Smyczek. To begin, off-label use of medicine does not prove deliberate indifference. "Federal law prohibits drug manufacturers from marketing a drug for an off-label purpose, but it does not preclude medical professionals from prescribing a drug for uses that are different than those approved by the FDA." *Cox v. Levenhagen*, No. 12-0320, 2013 WL 3322034, at *5 (N.D. Ind. July 1, 2013) (citing *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 350 (2001)). "The allegations that the FDA did not approve the alleged off-label use . . . in administering . . . treatment [is] not enough to give rise to a constitutional violation absent allegations of deliberate indifference to [plaintiff]'s medical needs." *Morgan v. Tex. Dep't of Criminal Justice McConnell Unit*, 537 F. App'x 502, 507 (5th Cir. 2013). "[Plaintiff] does not allege or point to circumstances that would suggest that [the doctor] prescribed [treatment] with knowledge that [it] would pose 'a substantial risk of serious harm,' or that such a risk would have been obvious, and that [the doctor] 'disregard[ed] that risk by failing to take reasonable measures

to abate it.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Indeed, Plaintiff makes no allegations that Dr. Smyczek prescribed Retorlac deliberately with knowledge of a substantial risk of serious harm, or that he prescribed it with knowledge that it was so ineffective as to amount to no medical treatment at all. Disagreement with a doctor's course of treatment does not state a denial of medical services claim. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Fantone v. Herbik*, 528 F. App'x 123, 125 (3d Cir. 2013) (quoting *U.S. ex rel. Walker v. Fayette Cty., Pa.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)). "A prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference." *Soto-Muniz v. Corizon, Inc.*, No. 10-3617, 2015 WL 1034477, at *12 (D.N.J. Mar. 10, 2015).

4. Moreover, Plaintiff's allegation that the use of Retorlac caused him to develop cancer is simply frivolous. Plaintiff makes no factual allegations nor submits any documentation to support this claim. Here, the Amended Complaint alleges that Dr. Smyczek started prescribing Retorlac on February 14, 2014, and Plaintiff's three-week use of the drug was the cause of his cancer. (Am. Compl. 2-3.) However, Plaintiff's very next allegation provides that "[o]n January 10, 2014, I was taken to St. Francis Medical Center in Trenton[,] New Jersey to have surgery on my prostate cancer[.]" The allegations plainly show that Plaintiff had prostate cancer *before* Dr. Smyczek started prescribing Retorlac, so it could not possibly have *caused* the cancer.

5. With regard to Plaintiff's claim against Dr. Newjent, as in the original Complaint, Plaintiff simply alleges that Dr. Newjent performed surgery for his prostate cancer and made a mistake during surgery. (*See* Am. Compl. 4 ("The doctor reiterated that I had a blockage, and he admitted to me that he had messed up 'Cutting Something I Shouldn't Have which is causing the

3

Blockage and made your penis shrink at the same time[.]'").) As the Court already held, a mistake is not deliberate indifference. (Prior Op. 6.) Accordingly, the Court dismisses Plaintiff's § 1983 claims against Defendants for failure to state a claim upon which relief may be granted. Given the factual allegations in the Amended Complaint, the Court finds that another opportunity to amend would be futile, and dismisses these claims with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend).

      6.      The Court also previously dismissed Plaintiff's state law claims against Defendants because he failed to establish that a notice of claim was served upon Defendants prior to filing suit, as required by the New Jersey Tort Claims Act. (Prior Op. 8.) In the Amended Complaint, Plaintiff attaches a letter from the State of New Jersey, indicating that a notice of claim has been filed and forwarded to Rutgers, Defendants' employer. (Am. Compl. 9.) As such, it appears that Plaintiff may have valid state law claims against Defendants. However, having already dismissed all federal claims against Defendants, the Court declines supplemental jurisdiction over Plaintiff's state law claims. Federal law permits the district court, within its discretion, to decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Indeed, the Third Circuit has used even stronger language to describe the court's obligations under the provision. "The power of the court to exercise pendent jurisdiction, though largely unrestricted, requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court." *City of Pittsburgh Comm'n on Human Relations v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) (quoting *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195 (3d Cir. 1976)). "[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims

unless 'extraordinary circumstances' exist." *Id.* "'[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Id.* (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)).

7. Considering that this case is still before trial, that the Court has dismissed all of Plaintiff's federal claims, and that no extraordinary circumstances exist to compel the Court to exercise jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are dismissed without prejudice.

8. Because all claims in the Amended Complaint have been dismissed, the Court dismisses the Amended Complaint. This dismissal constitutes a strike for the purposes of 28 U.S.C. § 1915(g). *See Ziegler v. Whitney*, 112 F. App'x 699, 701 (10th Cir. 2004) (upholding a district court's imposition of a strike under § 1915(g) after dismissal of all federal claims with prejudice, even though state law claims were dismissed without prejudice by declining supplemental jurisdiction); *Nealy v. Kamas*, No. 12-6201, 2013 WL 140111, at *1 (W.D.N.Y. Jan. 10, 2013) (counting a prior dismissal of all federal claims with prejudice, in which the court dismissed state law claims by declining supplemental jurisdiction, as a strike under § 1915(g)); *Knox v. Furlong*, No. 10-1001, 2011 WL 2037606, at *3 (S.D. Ill. May 24, 2011) (imposing a strike under § 1915(g) for dismissal of all federal claims with prejudice after declining jurisdiction over state law claims).

_s/ Michael A. Shipp_
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Date: March 21, 2017